IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | |
|---|---|
| **CHERYL RUTH,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**E.E.O.C., Pittsburgh Area Office; OHIO COUNTY BOARD OF EDUCATION; O.C.B.E. Employee Union,**<br><br>　　　　　Defendants. | **CIVIL ACTION NO.: 5:19-CV-10 (BAILEY)** |

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff, Cheryl Ruth's ("Plaintiff") pro se Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. *See* 28 U.S.C. § 1915(e)(2)(B). After conducting the aforesaid review, the Court is prepared to issue its recommendation.

### I.
### FACTUAL/PROCEDURAL HISTORY

Plaintiff has filed suit against the Ohio County Board of Education, the Ohio County Board of Education Employees Union and the Equal Employment Opportunity Commission ("EEOC"), Pittsburgh Area Office. According to her Complaint [ECF No. 1], Plaintiff was employed with the Ohio County Board of Education from January 2010 to May 2017. Plaintiff claims that she was subjected to "harassment, intimidation, aggressive and violent behavior from employees

concerning racial issues."[1]  [ECF No. 1 at 1].  Plaintiff attributes this behavior to the fact that her late husband was African American and her daughter is bi-racial.  Plaintiff claims to have sustained the following damages: loss of income; decrease in income; loss of health, dental and vision insurance; loss of her pension; and emotional pain and suffering.

## II.
## DISCUSSION

After reviewing Plaintiff's Complaint and Motion to Proceed in Forma Pauperis pursuant to the authority granted in 28 U.S.C. § 1915(e)(2)(B), this Court concludes that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted.  As a result, the Court recommends that Plaintiff's Complaint [ECF No. 1] be dismissed, without prejudice, and that Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.

### A.  Legal Standard

The Court has the authority to allow a case to proceed without the prepayment of fees (*in forma pauperis*) "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01.  The "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the lawsuit before allowing the case to proceed.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A case is often dismissed *sua*

---

[1] Plaintiff does not provide specifics of the alleged behavior.

*sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

After liberally construing Plaintiff's Complaint, it appears to the Court that Plaintiff is asserting claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1983. The Court will address Plaintiff's claims *in seriatim*.

### B. Title VII

After reviewing Plaintiff's Complaint and considering the same in conjunction with the applicable statutory and case law, this Court concludes that Plaintiff's Title VII claim should be dismissed without prejudice because the Court does not have subject matter jurisdiction over the same.

A plaintiff must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b) before a federal court may assume jurisdiction over a Title VII action for employment discrimination. *Davis v. N.C. Dept. of Correction*, 48 F.3d 134, 134-37 (4th Cir. 1995). Those procedures "include an investigation of the complaint and determination by the [Equal Employment Opportunity Commission ("EEOC")] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. *See also* 42 U.S.C. § 2000e-5(b). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis*, 48 F.3d at 138-40). Additionally, "where state law protects persons against the kind of discrimination alleged, 'complainants are required to resort' to 'state and local remedies' before they may proceed to the EEOC, and then to federal

court, on their claims of discrimination under federal law." *Davis,* 48 F.3d at 137 (quoting *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 62 (1980). Importantly, "[a] complaint is deemed 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Ewing v. King*, 1:18-CV-01831, 2018 WL 3702416, *2 (N.D.Ga. 2018) (citing *David v. Ryan Oaks Apartment*, 357 Fed.Appx. 237, 238-39 (11th Cir. Dec. 17, 2009). *See also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that a complaint should be dismissed as frivolous under § 1915 where there is no subject matter jurisdiction).

In the instant matter, Plaintiff does not indicate whether she has exhausted her remedies under state law or through the EEOC. As a result, the Court is without subject matter jurisdiction to hear Plaintiff's alleged Title VII claims. Accordingly, and to the extent Plaintiff's Complaint makes a claim for relief pursuant to Title VII, Plaintiff's Complaint must be deemed frivolous pursuant to 28 U.S.C. § 1915 and should be dismissed, without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

### C. § 1983

Turning to the balance of Plaintiff's Complaint, liberal construction reveals a claim for relief pursuant to 42 U.S.C. § 1983. However, insofar as Plaintiff is asserting such a claim, Plaintiff's Complaint should similarly be dismissed because it fails to state a claim upon which relief can be granted.

To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other

words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.  The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir. 2002). "To state a claim under § 1983, a plaintiff must allege that [s]he was 'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas v. The Salvation Army Southern Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)).

Here, Plaintiff has not identified the right(s) of which she was allegedly deprived by virtue of Defendants' alleged behavior, nor has she provided facts which demonstrate how she was deprived of her rights.  Plaintiff makes only conclusory statements, which are not enough to support a claim for relief.  Because of these omissions, Plaintiff's Complaint does not "allege facts sufficient to state all the elements of her claim" for relief under § 1983.  *Bass,* 324 F.3d at 765; *Thomas,* 841 F.3d at 637.

5

Moreover, and with respect to Defendant, Ohio County Board of Education Employees Union, any deprivation which Plaintiff allegedly suffered could not have been committed under color of state law because employees' unions are generally not considered state actors. *McGovern v. Local 456, Intern. Broth. Of Teamsters, Chauffeurs & Warehousemen & Helpers of America, AFL-CIO*, 107 F.Supp.2d 311, 316 (S.D.N.Y. 2000) ("In general, a union is not a state actor." Additionally, there is no allegation here that the union conspired with any state official. *Id.* (quoting *Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) ("private parties conspiring with [a state official are] acting under color of state law")).

Finally, any of EEOC (Pittsburgh Office)'s alleged actions could not have been committed under color of state law because the EEOC is not a state actor, but rather, is a federal agency. *See* https://www.eeoc.gov.[2]

Because of the above-noted deficiencies, this Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983. Therefore, to the extent Plaintiff's Complaint alleges a violation of § 1983, Plaintiff's Complaint should be dismissed without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B)(ii); *see also Nagy v. FMC Butner,* 376 F.3d 252, 258 (4th Cir. 2004) (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

## IV. RECOMMENDATION

Accordingly, and for all of the foregoing reasons, this Court **FINDS** that it lacks subject-matter jurisdiction over Plaintiff's Title VII claims and the remainder of Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, this Court **RECOMMENDS** that

---

[2] Because the allegations in Plaintiff's Complaint are not specifically delineated according to Defendant, the Court must assume that the allegations that are present are attributable to all of the named Defendants.

Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the Honorable JOHN PRESTON BAILEY, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 14th day of March, 2019.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE