IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

CHERYL RUTH,

    Plaintiff,

v.

    CIVIL ACTION NO.: 5:19-CV-10
    (BAILEY)

E.E.O.C., Pittsburgh Area Office; OHIO
COUNTY BOARD OF EDUCATION;
O.C.B.E. Employee Union,

    Defendants.

FILED OCT 24 2019 U.S. DISTRICT COURT-WVND WHEELING, WV 26003

## ORDER VACATING REPORT AND RECOMMENDATION [ECF NO. 6] AND ISSUING REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff, Cheryl Ruth's ("Plaintiff") pro se Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 2]. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned previously conducted a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] set forth any viable claims. *See* 28 U.S.C. § 1915(e)(2)(B). After conducting the aforesaid review, the undersigned recommended [ECF No. 6] that Plaintiff's Motion to Proceed *in Forma Pauperis* be denied and that Plaintiff's Complaint be dismissed without prejudice. On April 1, 2019, Plaintiff filed Objections [ECF No. 8] to the undersigned's Report and Recommendation [ECF No. 6]. On April 3, 2019, the District Court entered an Order [ECF No. 9], directing Plaintiff to file an Amended Complaint.

Plaintiff has now filed her Amended Complaint [ECF No. 11]. The District Court has referred the Amended Complaint and Plaintiff's still pending Motion to Proceed *in Forma Pauperis* to the undersigned for additional consideration. Pursuant to said referral, the undersigned hereby **VACATES** the previously entered Report and Recommendation [ECF No. 6]. The

undersigned has conducted the requisite supplemental review of Plaintiff's Complaint, Plaintiff's Amended Complaint, the applicable law, and the Court file, and the undersigned is prepared to issue its recommendation regarding the same.

## I.
## FACTUAL/PROCEDURAL HISTORY

As was stated previously, Plaintiff has filed suit against the Ohio County Board of Education, the Ohio County Board of Education Employees Union and the Equal Employment Opportunity Commission ("EEOC"), Pittsburgh Area Office. According to her Complaint [ECF No. 1], Plaintiff was employed with the Ohio County Board of Education from January 2010 to May 2017. Plaintiff claims that she was subjected to "harassment, intimidation, aggressive and violent behavior from employees concerning racial issues."[1] [ECF No. 1 at 1]. Plaintiff attributes this behavior to the fact that her late husband was an African American man and the fact that her daughter is bi-racial. Plaintiff claims to have sustained the following damages: loss of income; decrease in income; loss of health, dental and vision insurance; loss of her pension; and emotional pain and suffering.

Plaintiff's Amended Complaint [ECF No. 11] expands upon the allegations made in the original Complaint. In particular, Plaintiff claims that she was terminated from her employment with Ohio County Schools on May 24, 2017 after twelve (12) years of employment. Plaintiff further avers that she was terminated due to discrimination. Plaintiff's Amended Complaint details numerous encounters with an allegedly problematic co-worker who Plaintiff claims was allegedly angry that Plaintiff was married to an African-American man, and who was allegedly angry that

---

[1] Plaintiff did not provide specifics of the alleged behavior in her original Complaint.

2

Plaintiff and her husband had a bi-racial daughter.[2] She alleges that she was physically attacked, spit on, and grabbed. Plaintiff further alleges that a garbage can was thrown at her during another incident. She claims that she attempted to file formal grievances, but her grievances were not accepted. She alleges that she was fired as a result of a false claim made about her by a co-worker to the Board of Education. Plaintiff claims that she was not permitted to defend herself and she was not provided with a reason as to why she was terminated.

When she was terminated, she lost her pension, health insurance, dental insurance, and her vision insurance. She has also sustained a loss of income. She has since secured other employment, but she is not paid as much as she was paid in her previous position with Ohio County Schools. She alleges that she suffered emotional pain and suffering as a result of her termination, and that she has experienced two (2) strokes because of the stress.

Plaintiff attached to her Objection [ECF No. 8] a document which appears to be from the United States Equal Opportunity Commission ("EEOC") and is titled "Dismissal and Notice of Rights." [ECF No. 8-1]. A review of this document reveals that the EEOC was "unable to conclude that the information obtained establish[ed] a violation[] of the statutes." Plaintiff's EEOC Complaint was therefore dismissed. It was further noted that this document "[did] not certify that the respondent is in compliance with the statutes." The document also notes that "[n]o finding is made as to any other issues that might be construed as having been raised by this charge." [ECF No. 8-1].

---

[2] Plaintiff's husband is now deceased.

## II.
## DISCUSSION

After considering Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to the authority granted in 28 U.S.C. § 1915(e)(2)(B), as well as Plaintiff's Amended Complaint, her original Complaint, the applicable law and the Court file, and in particular the additional documentation submitted with Plaintiff's Objection, the undersigned concludes that Plaintiff's Amended Complaint is frivolous and fails to state a claim upon which relief can be granted. Therefore, and as is set forth more fully below, the Court **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 11] be **DISMISSED WITHOUT PREJUDICE**, and that Motion to Proceed *in Forma Pauperis* [ECF No. 2] be **DENIED AS MOOT**.

### A. Legal Standard

The Court has the authority to allow a case to proceed without the prepayment of fees (*in forma pauperis*) "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The Court must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints."

*Neitzke*, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

After liberally construing Plaintiff's Amended Complaint, it appears to the undersigned that Plaintiff is asserting claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1983. The Court will address Plaintiff's claims *in seriatim*.

### B. Title VII

With respect to Plaintiff's Title VII claims, the undersigned concludes that they should be dismissed without prejudice because the Court does not have subject matter jurisdiction over the same.

#### 1. State and Local Remedies

A plaintiff must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b) before a federal court may assume jurisdiction over a Title VII action for employment discrimination. *Davis v. N.C. Dept. of Correction*, 48 F.3d 134, 136-37 (4th Cir. 1995). Those procedures "include an investigation of the complaint and determination by the [Equal Employment Opportunity Commission ("EEOC")] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. *See also* 42 U.S.C. § 2000e-5(b). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis*, 48 F.3d at 138-40).

Additionally, "where state law protects persons against the kind of discrimination alleged, 'complainants are required to resort' to 'state and local remedies' before they may proceed to the EEOC, and then to federal court, on their claims of discrimination under federal law." *Davis*, 48

5

F.3d at 137 (quoting *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 62 (1980). Importantly, "[a] complaint is deemed 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Ewing v. King*, 1:18-CV-01831, 2018 WL 3702416, *2 (N.D.Ga. 2018) (citing *David v. Ryan Oaks Apartment*, 357 Fed.Appx. 237, 238-39 (11th Cir. Dec. 17, 2009). *See also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that a complaint should be dismissed as frivolous under § 1915 where there is no subject matter jurisdiction).

In the instant matter, while additional documentation submitted with Plaintiff's Amended Complaint appears to demonstrate that Plaintiff attempted to pursue her claim through the United States EEOC, there is nevertheless <u>no</u> indication that Plaintiff pursued state and local remedies prior to instituting this lawsuit, which Plaintiff was and is required to do. *Davis*, 48 F.3d at 137.[3] Accordingly, and to the extent Plaintiff's Complaint makes a claim for relief pursuant to Title VII, Plaintiff's Complaint must be deemed frivolous pursuant to 28 U.S.C. § 1915 and should be dismissed, without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

### 2. Failure to State a Claim – Employment Discrimination

Notwithstanding the above, and assuming that subject matter jurisdiction does exist in this case, Plaintiff's Motion to Proceed *in Forma Pauperis* should still be denied and her Amended Complaint should still be dismissed because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to Title VII of the Civil Rights Act, against any of the

---

[3] State and local remedies for the claims made in her Amended Complaint were and are available in the State of West Virginia. *See* W.Va. Code § 5-11-9; *and see Thomas v. Shoney's Inc.*, 845 F.Supp. 388, 390-91 (S.D. W.Va. 1994) (discussing the evidentiary standards under the West Virginia Human Rights Act and Title VII of the Federal Civil Rights Act with respect to allegations of racial discrimination).

named Defendants. To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a Complaint (or Amended Complaint in this case) need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002).

Construing Plaintiff's Amended Complaint liberally, the allegations contained therein can be read as asserting a claim for employment discrimination under Title VII of the Civil Rights Act. In order to establish a *prima facie* case for employment discrimination under Title VII of the Civil Rights Act, Plaintiff must demonstrate the following: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Here, Plaintiff's Amended Complaint wholly fails to allege factors one (1), two (2), and (4). It is important to note that, with respect to factor number one (1),

Plaintiff alleges that she received the offending treatment because her husband was an African American man and because her daughter is bi-racial. Plaintiff, however, never alleges that she herself is part of a protected class.

Additionally, Plaintiff has not alleged that she was an employee of either the Pittsburgh Area Office of the EEOC or the Ohio County Board of Education Employees Union. As a result, it would be impossible for Plaintiff to maintain a claim for employment discrimination against either of those Defendants.

### 3. Title VII – Hostile Work Environment

The allegations contained in Plaintiff's Amended Complaint can also be construed as asserting a claim for hostile work environment pursuant to Title VII of the Federal Civil Rights Act. However, Plaintiff's Amended Complaint similarly fails to assert a *prima facie* claim therefor. "To prove a hostile work environment claim under Title VII, a plaintiff must show (1) unwelcome conduct; (2) that is based on plaintiff's protected class; (3) which is sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 328 (4th Cir. 2018) (quoting *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011) (internal citations and quotations omitted). Even assuming *arguendo* that Plaintiff can meet factors one (1), three (3) and four (4), Plaintiff nevertheless has not asserted that the offending conduct was based upon Plaintiff's membership in a protected class. As a result, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted for a hostile work environment under Title VII of the Federal Civil Rights Act.

### C. § 1983

Turning to the balance of Plaintiff's Amended Complaint, and after liberally construing the allegations made therein, it appears as though Plaintiff is asserting a claim for relief pursuant to 42 U.S.C. § 1983. Plaintiff's Amended Complaint, however, fails state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege that [s]he was 'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas v. The Salvation Army Southern Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)). With respect to Defendant, Ohio County Board of Education Employees Union, any alleged deprivation which Plaintiff allegedly suffered could not have been committed under color of state law because employees' unions are generally not considered state actors. *McGovern v. Local 456, Intern. Broth. Of Teamsters, Chauffeurs & Warehousemen & Helpers of America, AFL-CIO*, 107 F.Supp.2d 311, 316 (S.D.N.Y. 2000) ("In general, a union is not a state actor.") Additionally, there is no allegation here that the union conspired with any state official. *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) ("private parties conspiring with [a state official are] acting under color of state law")). Therefore, Plaintiff cannot pursue a § 1983 claim against the Ohio County Board of Education Employees Union. Similarly, any of the EEOC (Pittsburgh Office)'s alleged actions could not have been committed under color of state law because the EEOC is not a state actor, but rather, is a federal agency. *See* https://www.eeoc.gov.[4] As a result, Plaintiff cannot pursue a § 1983 claim against the EEOC (Pittsburgh Office).

---

[4] Because the allegations in Plaintiff's Amended Complaint are not specifically delineated according to Defendant, the Court must assume that the allegations that <u>are</u> present are attributable to all of the named Defendants.

9

By contrast, Boards of Education are considered state actors. *James v. West Virginia Bd. Of Regents*, 322 F.Supp. 217, 225 (S.D.W.Va. 1971) (noting that Mercer County Board of Education was an arm of the state in a suit for deprivation of constitutional rights and for damages under 42 U.S.C. § 1983). Therefore, Plaintiff <u>could</u> pursue a claim for relief pursuant to 42 U.S.C. § 1983 against the Ohio County Board of Education. However, even after liberally construing the allegations made in Plaintiff's Amended Complaint, the same fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 against the Ohio County Board of Education.

As was stated above, to maintain a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege that she was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was committed under color of state law. *Thomas*, 841 F.3d at 637. Here, while it is fairly obvious from Plaintiff's Amended Complaint that the Plaintiff is claiming a deprivation of the right to employment,[5] and while a deprivation of a constitutionally or legally protected right by a Board of Education constitutes action taken under color of state law, the Ohio County Board of Education's alleged role in the events described in Plaintiff's Amended Complaint is nevertheless unclear. Indeed, Plaintiff's Amended Complaint does not delineate any facts, events, behavior or actions taken by the Board of Education as a whole, or by any member thereof, or which the Board or any member thereof failed to take, which would or could constitute a deprivation of Plaintiff's constitutionally or legally protected rights in violation of 42 U.S.C. § 1983. In other words, while it is true that Plaintiff alleges the Ohio County Board of Education terminated Plaintiff's employment, there are no factual allegations against the Ohio County Board of Education in Plaintiff's Amended Complaint which would or could indicate that this action constituted a deprivation of Plaintiff's constitutionally or legally protected rights. Rather, the

---

[5] This Report and Recommendation makes no opinion either way as to whether Plaintiff has or had a "right" to her former position with Ohio County Schools.

majority of Plaintiff's allegations relate to an unnamed coworker. This unnamed coworker is not identified in any of Plaintiff's supplemental paperwork, and he or she is not a party to this lawsuit.

One could speculate as to the nature of the Board's allegedly offending behavior, but a right to relief cannot be speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Without more, there is simply not enough, factually, to conclude that Plaintiff has stated a viable claim for relief pursuant to § 1983 against the Ohio County Board of Education. Therefore, to the extent Plaintiff's Amended Complaint alleges a violation of § 1983 against the Ohio County Board of Education Employees Union and the EEOC, Plaintiff's Complaint should be dismissed without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B)(ii); *see also Nagy v. FMC Butner*, 376 F.3d 252, 258 (4th Cir. 2004) (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

## III.
## RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that **Plaintiff's Amended Complaint [ECF No. 11] BE DISMISSED WITHOUT PREJUDICE.** Additionally, the undersigned **RECOMMENDS** that **Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 2] be DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the Honorable JOHN PRESTON BAILEY, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of

11

this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 24th day of October, 2019.

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE